UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------



ANTHONY HUDSON,

666

Plaintiff,

**COMPLAINT**

-against-

Jury Trial Demanded

CITY OF NEW YORK; Police Officer JAMES
BURNETT, (Shield No. 11314); and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

ECF Case

**BRODIE, J.**

Defendants.

**LEVY, M.J.**

-------------------------------------------------------------x

Plaintiff Anthony Hudson by his attorney Katherine E. Smith, complaining of the
defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights
by defendants THE CITY OF NEW YORK; Police Officer JAMES BURNETT; and P.O.s
"JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions
of the State of New York and the United States.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and
1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Anthony Hudson ("plaintiff" or "Mr. Hudson") is an African American male, and at all relevant times, a resident of Kings County in the City and State of New York.

7.      Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer James Burnett, Shield No. 11314 ("Burnett"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Burnett is sued in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 (collectively "Doe Defendants") were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times hereinafter mentioned, defendant Brunette and the Doe Defendants (collectively "Municipal Defendants"), either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

14.     At approximately 11:45 p.m. on January 9, 2013, plaintiff was lawfully within the vicinity of 697 Franklin Ave., Brooklyn, New York.

15.     Several New York City Police Officers, including defendant Burnett and the Doe Defendants, approached plaintiff.

16.     The officers began questioning plaintiff and asked him if he had taken his girlfriend's keys.

17.     Plaintiff said that he did not have her keys and emptied his pockets to show the officers that he did not have keys, or any other items, on his person.

18.     Without provocation, the officers, including defendant Burnett and the Doe Defendants, threw plaintiff face first against a fence and placed him in handcuffs.

19.     Plaintiff asked why he was being arrested.

20.    The officers, including defendant Burnett and the Doe Defendants, began to push and beat plaintiff.

21.    Several more Doe Defendants rushed up to plaintiff, smashed his face into the fence again, and then threw him face down onto the ground.

22.    Defendant Burnett and the Doe Defendants continued to beat, kick and stomp plaintiff while he was on the ground.

23.    Despite the fact that he was handcuffed and posed no threat to the officers, defendant Burnett and the Doe Defendants shocked plaintiff with a tazer two times in the back.

24.    The beating and tazing caused plaintiff extreme pain and injury.

25.    Defendant police officers transported plaintiff to the 77th precinct.

26.    From the police precinct, plaintiff was taken to Brooklyn Central Booking.

27.    Plaintiff was subsequently arraigned in Kings County Criminal Court where he paid a fine and was released from custody.

28.    Upon release, plaintiff received medical treatment for the injuries he sustained as a result of being beaten and tazed by the Municipal Defendants.

29.    Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983 Federal Civil Rights Violations

30.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32.     All of the aforementioned acts deprived plaintiff Hudson of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unreasonable Force

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     The Municipal Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Abuse of Process

59.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.    The individual defendants issued legal process to place plaintiff under arrest.

61.    The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, specifically, to cover up their use of excessive force on plaintiff.

62.    The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

63.    As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### First Amendment Retaliation

64.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.    By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to excessive force to

deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

66.    As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehends that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

67.    As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Failure to Intervene

68.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

70.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

71.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorneys' fees, costs, and disbursements of this action.

DATED:       January 31, 2013

New York, New York

_____

Katherine E. Smith
495 Henry Street, #159
Brooklyn, NY  11231
ksmith@legalsmithny.com
347-470-3707

*Attorney for plaintiff*